**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEITH N. MCKNIGHT,**
an individual,

    **Plaintiff,**                                    Case No.

v.

**UNITED PARCEL SERVICE, INC.,**
a foreign Corp.,

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEITH N. MCKNIGHT ("McKnight" or "Plaintiff"), by and through the undersigned counsel, does bring this civil action against Defendant, UNITED PARCEL SERVICE, INC., ("UPS"), asserting claims for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), the Florida Civil Rights Act of 1992, §760.10 *et seq*. ("FCRA") and 42 U.S.C. §1981 ("§1981") to redress Defendant's racial discrimination and retaliation against Plaintiff and in support thereof states the following:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff, KEITH N. MCKNIGHT, is a resident of Seminole County, Florida at all times pertinent to this matter and is African American.

2. Defendant, UNITED PARCEL SERVICE, INC., is a package delivery company that provides services on a national and international basis and provides such services through multiple locations, including a facility that it operates in Orange County, Florida at all times relevant to this action.

[1]

3. Venue is proper in this District because Defendant is located and operates in Orange County, Florida and Plaintiff's claims accrued in said County.

4. This Court has subject matter jurisdiction over the Plaintiff's claims because this action arises under federal laws, Title VII and §1981. Likewise, this Court has pendent jurisdiction over Plaintiff's state claims under the FCRA.

5. Plaintiff was employed by the Defendant from September of 2015 until his termination on March 17, 2022.

6. Defendant was at all times relevant hereto an "employer" as defined by Title VII and the FCRA.

7. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and receipt of a Notice of Right to Sue from same with respect to said charge and the timely filing of this action.

## FACTUAL ALLEGATIONS

8. McKnight is an African American male who began working for UPS in or around September of 2015, eventually being promoted to a package delivery driver in or around October of 2016.

9. During his employment Plaintiff performed his work duties in an effective and diligent manner and was recognized as such.

10. On or about December 5, 2020, McKnight's supervising manager, Nicole Strickland, verbally attacked the Plaintiff and instructed him to depart the building facility in which he was located.

11. As McKnight was leaving Strickland continued to attack him with hostile, factually hollow and unwarranted accusations regarding Plaintiff's abilities and the way he performed his job duties. Moreover, Strickland claimed that such fabricated allegations constituted violations of Defendant's policies.

12. After this date McKnight was subjected to an increased and consistent pattern of disparate treatment by Defendant and its supervising managers that was based upon his race and/or color.

13. Such discrimination was reflected in his experiencing, among other things, undue scrutiny by management, acts of bullying and intimidation, frivolous accusations, threats of discipline/termination and increased hostility.

14. McKnight complained on a number of occasions to Defendant's management, both verbally and in writing, regarding the discrimination he was experiencing. However, such complaints were not responded to by Defendant in good faith. As a result, his hostile and discriminatory work environment was not only allowed to continue but increased in frequency in retaliation for his having engaged in the foregoing legally protected activity.

15. Defendant's campaign of increased harassment, disparate treatment and retaliation included, among other things, Defendant's managers demeaning Plaintiff and his reputation, subjecting him to undue scrutiny and micromanagement, impeding his ability to perform his job duties and sometimes to do so safely, failing to provide him with contractually obligated opportunities to earn income and fabricating various incidents in an effort to place him in a bad light and to paper trail him as a pretext to terminate his employment.

16. Plaintiff's managers had him under surveillance and scrutiny in a disproportionate and harassing manner when compared to his co-workers. McKnight was under consistent surveillance by Defendant both in a digital and in-person manner.

17. Defendant communicated to the Plaintiff, without factual basis, that such scrutiny was done so based upon safety concerns. However, before Plaintiff began complaining to Defendant so regularly regarding discrimination he was regarded as one of its safest drivers, recognizing him with awards, using his likeness in an advertising photograph, holding him out as an example of safety to other drivers and having him train drivers regarding safety.

18. Defendant's unjustified scrutiny of Plaintiff included filming him on his lunch breaks and running chores and was undertaken to harass and intimidate McKnight.

19. Moreover, Defendant's feigned concern for safety was belied by its purposely assigning him trucks with mechanical problems and/or in which such problems still persisted, sometimes appearing to have developed as a result of sabotage. Plaintiff's complaints regarding his being forced to drive unsafe vehicles were all but ignored and fit a pattern of McKnight being ostracized.

20. Defendant likewise took steps to impede Plaintiff's ability and opportunity to work overtime hours, thus reducing his income potential.

21. Additionally, in another example of the disparate and harassing treatment, Plaintiff was forced to follow an alleged policy that mandated the order in which he could deliver packages, but which unnecessarily interfered with his ability to make his deliveries timely and reduced the level of safety with which he performed his duties.

22. Defendant would also have improperly marked packages in his truck for delivery, knowing that they could not be delivered in their state, all in an effort to harass, improperly

document and further frustrate McKnight's efforts to properly perform his job duties. Unbeknownst to Plaintiff such packages would then be placed back on his truck in the same manner.

23. Plaintiff was written up on a regular basis with fabricated allegations, constantly being harassed, threatened, and intimidated by supervising managers, both virtually and in person. Defendant's efforts to document unwarranted claims were to merely create a paper trail and/or pretext to further harass, retaliate and intimidate Plaintiff, among other things.

24. McKnight continued to complain of illegal discrimination, including calling the Equal Employment Opportunity Commission ("EEOC") in January of 2021. Plaintiff's managers overheard and were aware that he had contacted the EEOC. Just days after Plaintiff had contacted the EEOC, a division manager named Mike Alburney called Plaintiff into his office, asked McKnight if he was recording the meeting and then proceeded to inform Plaintiff that he was going to make sure that the Plaintiff was held accountable, clearly threatening Plaintiff in retaliation for his protected activity.

25. On or about June 15, 2021, Plaintiff attended a union grievance panel hearing, during which he again complained about racial discrimination in his workplace. The following day McKnight was informed that Defendant was ordering him not to show up at work due to alleged mental fitness for duty issues and that he must attend Defendant's Employee Assistance Program ("EAP"). During this time Plaintiff was to be on an involuntary paid leave forced upon him by Defendant.

26. During his time in the EAP, Plaintiff followed Defendant's and/or its agents' instructions but received no feedback that would reflect he was unfit to perform his job duties.

[5]

27. Plaintiff was ultimately informed that he need not attend the EAP after several months, yet Defendant kept pushing for McKnight to see more doctors regarding alleged fitness issues.

28. In January of 2022, Defendant, without notice or explanation, ceased paying McKnight the income he and his family relied upon. Likewise, unbeknownst to Plaintiff and without any prior notice, his medical insurance coverage was cancelled on January 8, 2022; something McKnight did not learn about until February of 2022.

29. Despite terminating Plaintiff's insurance and income Defendant continued to push McKnight to see other doctors for alleged fitness issues.

30. On or about March 21, 2022, Plaintiff received a letter from Defendant dated March 17, 2022, terminating his employment. Defendant falsely claimed, without factual support, that McKnight had taken an unauthorized leave of absence.

31. Leading up to the termination letter Defendant had made threatening communications to Plaintiff, alleging he was being uncooperative and needed to contact Patty Farrar, a human resources agent of Defendant.

32. Plaintiff made numerous attempts to contact Ms. Farrar, both in writing and by phone. However, Ms. Farrar failed to respond to Plaintiff and both she and Defendant ignored the fact that he had been reaching out to her as instructed.

33. Defendant's actions and/or inactions in dealing with McKnight represent its illegal motives and pretext to discriminate and retaliate against Plaintiff

34. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendant's ongoing, continuous, and unwarranted harassment, discrimination, and retaliation of Plaintiff.

35. As a result of the foregoing, Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I
## DISCRIMINATION BASED UPON RACE/COLOR
## IN VIOLATION OF TITLE VII

36. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff belongs to a protected group (race/color).

38. Plaintiff was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

39. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

40. Defendant's discrimination of Plaintiff violated Title VII by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

41. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

42. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

43. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Title VII;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT II
## DISCRIMINATION BASED UPON RACE/COLOR
## IN VIOLATION OF THE FCRA

44. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

45. Plaintiff belongs to a protected group (race/color).

46. Plaintiff was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

47. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

48. Defendant's discrimination of Plaintiff violated the FCRA by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

[8]

49. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

50. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

51. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under the FCRA; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

52. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

53. Plaintiff was in a protected group (race) at all times material to this action.

54. Defendant subjected Plaintiff to a pattern of racial discrimination.

55. Plaintiff engaged in protected activity by opposing the racial discrimination that Plaintiff was subjected to by Defendant.

56. Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct.

57. Defendant violated Title VII by retaliating against Plaintiff for said opposition.

58. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Title VII;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

59. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

60. Plaintiff was in a protected group (race) at all times material to this action.

61. Defendant subjected Plaintiff to a pattern of racial discrimination.

62. Plaintiff engaged in protected activity by opposing the racial discrimination that Plaintiff was subjected to by Defendant.

63. Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct.

64. Defendant violated the FCRA by retaliating against Plaintiff for said opposition.

65. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under the FCRA; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT V
## VIOLATION OF §1981 BY ENGAGING IN RACE DISCRIMNATION

66. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

67. Plaintiff was discriminated against with respect to the terms, conditions and privileges of employment by Defendant because of his race, including unwarranted

scrutiny, allegations, discipline and the termination of his employment, among other things.

68. Defendant's discriminatory conduct was taken in direct violation of §1981.

69. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of §1981;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under §1981; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT VI
## VIOLATION OF §1981 BY ENGAGING IN RETALIATION

70. Plaintiff realleges Paragraphs 1 through 35 as if fully set forth herein.

71. Plaintiff was discriminated against with respect to the terms, conditions and privileges of employment by Defendant because of his race, including unwarranted scrutiny, allegations, discipline and the termination of his employment, among other things.

72. Plaintiff objected to the discrimination that he was forced to endure by Defendant and otherwise engaged in legally protected speech and/or activity regarding same.

73. In response to Plaintiff engaging in such legally protected speech and/or activity Defendant retaliated against Plaintiff in direct violation of §1981.

74. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of §1981;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages, including damages for emotional distress;

D. Award Plaintiff reinstatement;

E. Award Plaintiff punitive damages against Defendant;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under §1981; and

G. Grant Plaintiff any other relief that this Court deems just and equitable

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Dated: 3/29/22

> Respectfully Submitted,
>
> **TOBIN LAW GROUP, PL**
>
> */S/ Bradley A. Tobin*
> Bradley A. Tobin, Esquire
> Florida Bar No. 0101818
> Westchase Commons
> 13043 West Linebaugh Ave.
> Tampa, Florida 33626
> Tel:   813.452.6199
> Fax:   813.830.7200
> Email: btobin@tobinlawgroup.com
> *Attorney(s) for Plaintiff.*