**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEITH N. MCKNIGHT,**

    **Plaintiff,**

v.                                                Case No: 6:22-cv-622-PGB-RMN

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**
_____/

## **ORDER**

This cause comes before the Court on Defendant's Unopposed Motion for Clarification of the Court's Order granting in part and denying in part Defendant's Motion for Summary Judgment. (Doc. 78 (the "**Motion for Clarification**")). Upon due consideration, the Motion for Clarification is granted.

**I.  BACKGROUND**

This action involves allegations that Defendant subjected Plaintiff to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), the Florida Civil Rights Act ("**FCRA**"), and 42 U.S.C. § 1981. (Doc. 1).

Plaintiff initiated this suit on March 29, 2022. (Doc. 1). In due course, on July 17, 2023, Defendant filed a Motion for Summary Judgment. (Doc. 25). Following a number of deadline extensions, Plaintiff filed its response in opposition on September 11, 2023 (Doc. 37 (the "**Response**")). Finally, on

September 25, 2023, Defendant replied thereto (Doc. 40 (the "**Reply**")). Months later, on January 16, 2024, the parties filed their Joint Pretrial Statement. (Doc. 52).

Ultimately, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. (Doc. 77 (the "**subject Order**")). In sum, the Court dismissed Plaintiff's race discrimination claims and denied summary judgment with regard to Plaintiff's retaliation claims and punitive damages. (*Id.*). Now, the parties are requesting clarification of the subject Order, specifically with regards to the Court's ruling on Counts III, IV, and VI, and the "disparate treatment" identified as the "adverse employment action" for Plaintiff's retaliation claims. (Doc. 78).

## II.   DISCUSSION

First, the Court addresses the parties' initial request for clarification with respect to its ruling on Plaintiff's retaliation claims. In the subject Order granting in part and denying in part summary judgment, the parties are correct in that the Court dismissed Plaintiff's discrimination claims and thus, any legal claims based on disparate treatment. (Doc. 78, pp. 4–5). However, as to Plaintiff's retaliation claims, the Court found that Plaintiff experienced two adverse employment actions: termination and "disparate treatment." (Doc. 77, pp. 16–21). Admittedly, the Court's use of certain terminology that carries such distinct legal meaning confused the issues. Accordingly, the Court clarifies that the parties are correct in

2

that "disparate treatment" cannot stand as an adverse employment action to support Plaintiff's retaliation claims.[1]

Next, the Court turns to the parties' confusion surrounding the Joint Pretrial Statement and its impact on the instant proceedings. The parties seem to be under the impression that whatever facts they stipulated to in their subsequent Joint Pretrial Statement upend the prior Motion for Summary Judgment, briefings thereafter, and the Court's ultimate ruling. (Doc. 78, pp. 4–6). Specifically, the parties highlight that they stipulated to only two adverse employments actions that could be litigated at trial with respect to Plaintiff's retaliation claims: the Fitness for Duty Evaluation and Plaintiff's termination. (*Id.* at p. 5).

While the parties are correct in that the subsequent Pretrial Statement governs *trial*, it has no bearing on the *Motion for Summary Judgment* or the

---

[1] The Court highlights that Plaintiff failed to specify what facts amounted to an "adverse employment action" to support his retaliation claims. (*See generally* Docs. 1, 37). Instead, Plaintiff alluded to various facts that could support both his retaliation *and* discrimination claims. (*See id.*). Moreover, Defendant's Motion for Summary Judgment and Reply to Plaintiff's Response fail to even address the prima facie case of a retaliation claim. (*See* Docs. 37, 40). As a result, the Court was left to parse out which facts could be attributable to race discrimination claims versus retaliation claims. (*See* Doc. 37, pp. 15–18).

Considering the Court must view "the evidence and all factual inferences therefrom in the light most favorable to the non-moving party," the Court construed facts in the record to amount to two retaliation claims based on termination and "disparate treatment." (Doc. 77, pp. 16–21). Nonetheless, the Court admittedly notes that it should have referred to such facts as "mistreatment," rather than "disparate treatment," as the adverse employment action for the retaliation claim. *See Monaghan v. Worldplay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020) ("[M]istreatment based on retaliation for protected conduct . . . is actionable . . . if the mistreatment 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (citations omitted)).

Court's respective ruling.[2] (*Id.* at p. 4). For one, the Final Pretrial Statement—filed roughly six months *after* the Motion for Summary Judgment—does not equate to an amendment to or clarification of the summary judgment motion, response, or reply thereto. Nor does the Court look to the Final Pretrial Statement as such. The Court is neither required nor inclined to scour a docket to see if parties have modified or clarified theories or causes of action in unrelated filings. When ruling on a motion for summary judgment, the Court simply looks to the respective motion, response, and reply in order to reach its ruling. Moreover, at no time did the parties file a stipulation directed at the summary judgment briefing to specify Plaintiff was only pursuing retaliation under the theory that the fitness for duty evaluation requirement and termination could constitute the respect adverse employment actions. Had the parties desired to stipulate to certain theories of retaliation, they could have done so far sooner.

The Complaint itself alleged several ways in which Plaintiff was retaliated against—not just with regard to the fitness for duty evaluation and termination. (*See generally* Doc. 1). In fact, in Plaintiff's response in opposition to the Motion for Summary Judgment, Plaintiff dedicates various pages to address actions that could theoretically constitute discrimination *and* retaliation. (*See* Doc. 37, pp. 15–18). One of several ways is the fitness for duty evaluation theory of retaliation. (*See id.*). In the subject Order, the Court analyzed several facts—specifically regarding

---

[2] Notably, Defendant cites to various cases that affirm "the binding nature of pretrial stipulations." (*See* Doc. 78, p. 4). Yet, these cases address issues at the trial or post-trial stage, not at summary judgment. (*Id.*).

4

Defendant's handling of the entire Fitness for Duty process with Plaintiff—that could lead a reasonable jury to find that Defendant's proffered reason for its employment actions, Plaintiff's fitness for duty, was pretextual. (Doc. 77, pp. 19–21). As such, for similar reasons set forth in the subject Order, the Court agrees with the parties' stipulation that Plaintiff may pursue its retaliation claims on the basis of two adverse employment actions: (1) Plaintiff's Fitness for Duty Evaluation, and (2) Plaintiff's termination. (*Id*.; Doc. 78, p. 5).

Simply put, the bottom line is that the Court does not look to the Final Pretrial Statement as a modification or clarification of the pending motion for summary judgment, response, or reply. As such, the Court does not consider briefing contained in the Final Pretrial Statement when ruling on a motion for summary judgment. That being said, the Court agrees that Plaintiff may present two theories for retaliation at trial: the Fitness for Duty Evaluation requirement and termination. Counsel is correct that by referring to certain conduct in support of Plaintiff's retaliation claims as "disparate," the Court previously muddled the issues that may be presented to the jury.

### III.   CONCLUSION

For the aforementioned reasons, Defendant's Motion for Clarification (Doc. 78) is **GRANTED** consistent with the directives herein.

**DONE AND ORDERED** in Orlando, Florida on April 5, 2024.

                                                                  PAUL G. BYRON
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties