# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KEITH N. MCKNIGHT,**

      **Plaintiff,**

v.                                        **Case No: 6:22-cv-622-PGB-RMN**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

      _____/

## **ORDER**

This cause is before the Court on Plaintiff Keith N. McKnight's ("**Plaintiff**") Motion in Support of Kyle Longest's Anticipated Trial Testimony. (Doc. 88 (the "**Motion**")). Defendant United Parcel Service, Inc. ("**Defendant**" or "**UPS**") filed a Response in Opposition. (Doc. 94). Upon due consideration, Plaintiff's Motion is denied.

## **I.    BACKGROUND**

In the Complaint, Plaintiff alleges that he suffered race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), the Florida Civil Rights Act ("**FCRA**"), and 42 U.S.C. § 1981. (Doc. 1). The Court granted summary judgment in favor of Defendant on the discrimination claim and allowed the retaliation claim to proceed. (Doc. 77). In anticipation of trial, the parties filed motions in limine, one of which pertained to anticipated trial testimony of Mr. Kyle Longest. (Doc. 54). Following the status conference held on

April 8, 2024 (the "**Pretrial Conference**"), the Court reserved ruling on whether Mr. Longest could testify about a statement attributed to his supervisor, Nicole Strickland. (Doc. 82). With briefing complete, and having reviewed the transcript of Mr. Longest's deposition, the Court finds that the probative value of the statements attributed to Ms. Strickland is outweighed by its prejudicial effect.

## II.   DISCUSSION

During the Pretrial Conference, Plaintiff proffered that his co-worker, Mr. Longest, would testify that UPS manager Ms. Strickland told Mr. Longest that if he were to get in line, he would not have to deal with discrimination and harassment. (Tr. at 18:13–24). Since context matters, the Court provided leave for additional briefing on the admissibility of Mr. Longest's testimony. (Doc. 82).

In his Motion, Plaintiff expands the scope to include Mr. Longest's anticipated testimony that unidentified individuals, characterized as management, targeted and harassed Plaintiff by "over-supervising, over-disciplining, and paying more attention to a certain employee." (Doc. 88, p. 2). Accordingly, Plaintiff seeks permission for Mr. Longest to state that "in his experience[,] employees that complained or complained more about their treatment would be subjected to more scrutiny and retaliation." (*Id.*). And, finally, Plaintiff seeks admission of Mr. Longest's testimony that Ms. Strickland stated, "if you just get in line, you know, you won't deal with this discrimination, harassment." (*Id.*).

2

Mr. Longest testified at his deposition that he worked every position within the UPS Kissimmee Center warehouse.[1] (Doc. 34–1, 5:19–23). He claimed to have been disciplined by UPS management between "2 and 300 times." (*Id.* at 8:14–15). Mr. Longest also testified that he has been terminated from his employment over 100 times. (*Id.* at 9:8–11). He submitted grievances each time he was terminated. (*Id.* at 9:19–20).

Against this backdrop, Mr. Longest testified that to his belief, Plaintiff was harassed by UPS management. (*Id.* at 38:10–39:4). Mr. Longest stated, "[e]veryone that speaks up for themselves gets harassed and disciplined more than they were prior. [And] [t]hat's why no one speaks up." (*Id.* at 42:4–15). That said, Mr. Longest did not identify which members of UPS management harassed or disciplined employees who complained, or whether the alleged harassment and discipline were in retaliation for filing a discrimination complaint. And Mr. Longest fails to explain how discipline and harassment are common when, as he put it, "no one speaks up." (*Id.* at 42:13–15)

Furthermore, Mr. Longest testified that multiple managers instructed him to "[j]ust get in line," and that if he did so, he would not be where he is now. (*Id.* at 42:18–22). He admitted, however, that "I don't know for sure" if they said that to Plaintiff and speculated that "if they said it to me, I'm sure they said it to him." (*Id.* at 42:25—43:4). Simply being told to "get in line" is not evidence of retaliation. An

---

[1] Mr. Longest was on paid leave from UPS due to his "grossly insubordinate" attitude. (*Id.* at 7:2–3).

3

employer may instruct an employee to do his or her job. Retaliation exists when an employee engaged in protected activity, suffered an adverse employment action, and the adverse employment action was causally related to his or her protected activity. *Widerman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). Merely chastising an employee is not enough to constitute retaliation, and Mr. Longest's speculation that management probably told Plaintiff to "get in line"—without more—is irrelevant.

As for Ms. Strickland's alleged statement to Mr. Longest that "[i]f you just get in line, you know, you won't deal with this discrimination, harassment," Mr. Longest stated that "[e]very manager I've ever had has said it." (*Id.* at 43:2–8). It is unlikely that every manager used the same phraseology, so Mr. Longest must be paraphrasing or substituting his impression for the precise words used by his managers. Moreover, Mr. Longest attributes the quote to Ms. Strickland only after counsel asks "[d]id Nicole ever say that to you?" (*Id.* at 43:7). He responds, "Yeah. So has Tim. They all have said that." (*Id.* at 43:8). Mr. Longest then volunteered that Mr. Mike Alberni "probably tells them to say that." (*Id.* at 43:9–13). Mr. Longest piles speculation upon speculation to create the narrative that every manager told him—and thus, also Plaintiff—that failure to "get in line" results in "discrimination, harassment." (*Id.* at 43:2–4).

The inherent unreliability of Mr. Longest's testimony combined with the failure to link the alleged statements to protected activity undertaken by Plaintiff, or any employee, renders the proffered testimony more prejudicial than probative.

4

### III. CONCLUSION

For these reasons, Mr. Longest is prohibited from testifying about the statements and actions he attributes to UPS management. Accordingly, Plaintiff's Motion in Support of Kyle Longest's Anticipated Trial Testimony (Doc. 88) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 31, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties